FILED
2022 May-11 PM 04:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit 2



AlaFile E-Notice

11-CV-2022-900192.00

To: MARCOS FRANCHISING, LLC
5252 MONROE STREET
2ND FLOOR
TOLEDO, OH, 43623

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

SC AMERICA, LLC V. MARCOS FRANCHISING, LLC
11-CV-2022-900192.00

The following complaint was FILED on 5/6/2022 12:19:12 PM

Notice Date:   5/6/2022 12:19:12 PM

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>11-CV-2022-900192.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA**
**SC AMERICA, LLC V. MARCOS FRANCHISING, LLC**

**NOTICE TO:** MARCOS FRANCHISING, LLC, 5252 MONROE STREET 2ND FLOOR, TOLEDO, OH 43623

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), EDWARD EUGENE MAY II,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 1820 7TH AVE. NO. STE. 108, BIRMINGHAM, AL 35203.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of SC AMERICA, LLC pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 05/06/2022 | /s/ KIM MCCARSON | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ EDWARD EUGENE MAY II
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____.
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____ in _____ County, Alabama on _____.

*(Name of Person Served)*     *(Name of County)*     *(Date)*

*(Type of Process Server)*     *(Server's Signature)*     *(Address of Server)*

*(Server's Printed Name)*     *(Phone Number of Server)*

ELECTRONICALLY FILED
5/6/2022 12:20 PM
11-CV-2022-900192.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number: 11<br>Date of Filing: 05/06/2022 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA
### SC AMERICA, LLC v. MARCOS FRANCHISING, LLC

**First Plaintiff:** ☑ Business ☐ Individual ☐ Government ☐ Other
**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☑ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER
R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO
**Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☐ MONETARY AWARD REQUESTED ☑ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** MAY038    5/6/2022 12:20:00 PM    /s/ EDWARD EUGENE MAY II
                                Date                          Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☐ NO


ELECTRONICALLY FILED
5/6/2022 12:20 PM
11-CV-2022-900192.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

# IN THE CIRCUIT CIVIL COURT OF CALHOUN COUNTY, ALABAMA

| | |
|---|---|
| **SC AMERICA, LLC** <br> plaintiff, <br><br> vs <br><br> **MARCOS FRANCHISING,** <br> **LLC** defendant. | ) Case#: <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR DECLARATORY JUDGEMENT AND INJUNCTIVE RELIEF AND MOTION FOR T.RO.

**COMES NOW**, Shameen Chowdhury, as owner and corporate agent of Plaintiff SC America LLC and files this the above entitled complaint for Declaratory & Injunctive relief pursuant to § 6- 6- 220- 224 & 6- 6- 228-229, on behalf of Plaintiff SC America LLC and for cause would show the following:

### JURISDICTION AND VENUE

This is a civil action seeking a declaratory judgment brought under the provisions of Ala. Code 6-6-220-229 to declare the rights and other legal relations of any interested party seeking such declaration. The Court has jurisdiction of this action under the provisions of Alabama Rules of Civil Procedure Rule 56. Venue is proper in the Calhoun County Circuit Court Court because the Plaintiff and Defendant are citizens of the the State of Alabama and both conduct business by in this judicial district, a substantial part of the events giving rise to the claim occurred in this district, and the Defendant is subject to personal jurisdiction in this district.

### FACTS

1.) Plaintiff SC America LLC (hereafter" SCA"), is a franchisee of Defendant Marcos Franchising LLC, a pizza franchise (hereafter referred to as" Marco's") and has been since 2011.

2.) That in January 2021 SCA's 10 year franchise agreement with Defendant Marcos expired and was renewed by both parties.

3.) That SCA lease's and operates out of a leased space located at 2485 US HWY 431 North Anniston, AL 36206 owned and managed by Saks Commercial Properties LLC (hereafter referred to as "landlord").

4.) That as a condition of SCA's renewal agreement, Marcos required SCA to execute a "standard lease rider" along with ay executed Franchise Renewal agreement.

5.) That despite not wanting to execute a new lease rider after renewing its franchise agreement with Marcos, Chowdhury executed a new lease rider under the threat of termination by Defendant Marcos.

6.) That at no time was SCA determined to be delinquent in its rental payment to its landlord.

7.) That the basis of owner Chowdhury's reluctance in executing said Lease Rider was that in the second paragraph of section#2 of the lease rider it was stated that," in the event Tenant's Franchise Agreement is terminated for any reason, Landlord hereby grants Franchisor the right, without change and without Landlords' consent being required, to either (a) take an assignment of the Lease on behalf of Franchisor (as defined in Paragraph 1 entitled "Assignment Provisions"); or (b) assign Lease to any duly authorized franchisee of Franchisor provided that such assignee shall be required to sign Landlords form of guaranty, if any. " (see attached exhibit 1).

8.) That when Mr. Chowdhury questioned Marcos agents regarding the aforementioned provision, he was assured that the only purpose and intention of said provision was to restrict the landlord from leasing space within the same shopping plaza in which the Plaintiff operated its pizza

restaurant to another pizza restaurant and thereby causing direct competition from other pizza restaurant's.

9.) However, in January of 2022, within in less than a year into the Plaintiffs renewed Franchise Agreement with Defendant Marco's, Mario's began citing a number of purported violations by set in its operation of the restaurant and demanding that SCA remedy said violation's within a short period of time or Marcos would terminate its franchise agreement with SCA. Despite SCA's good faith effort to remedy the largely minor violation's within the allotted timeframe, on March 7th 2022, Marcos issued a Notice of Termination to SCA effective immediately, giving SCA 60 days to find a new buyer if it so chose (see exhibit 2), otherwise all restaurant operation's under the Marco's brand was to cease immediately.

10.) That SCA, in good faith was able to find a purchaser within the allotted time, however, Marco's refused to approve the new purchaser and instead wanted SCA to sell to another Marco's franchisee who was only willing to pay a much lower price than the initial potential purchaser offered.

11.) That SCA, despite good faith negotiation, was unwilling to accept an under market value offer from Marco's preferred purchaser, and on Monday May 2nd 2022 Mr. Chowdhury received a text message from a representative of Marco's that Marco's would be taken possession of the lease space in which SCA operated on May 7th 2022 and that its equipment would be sold for "salvaged value" (see attached exhibit 3).

12.) That at no time was SCA delinquent on its financial obligations to Marco's.

## COUNT ONE

## DECLARATORY JUDGEMENT

13.) That Plaintiff hereby incorporates the proceeding paragraphs 1-12.

14.) That there is a justiciable controversy exists between the parties to the Complaint in that the Plaintiff SCA claims that Defendant Marcos as acted in bad faith in its dealings with the Plaintiff through misrepresentation,

collusion, acts of duress and by developing pretexts that it then used to force the Plaintiff out of his business solely for the purpose of replacing it with another preferred Franchisee.

15.) That an actual case or controversy exists regarding the covenant and obligations under the Franchise Agreement and the Standard Lease Rider, thus Plaintiffs requests that a declaratory judgment be entered as follows:

   A. By incorporating the Complaint's factual allegations by reference and as if fully set out in above paragraphs, issue a declaration that that the Plaintiffs herein are not in breach of any claimed covenants.

   B. By incorporating the Complaint's factual allegations by reference and as if fully set out in in above paragraphs, a declaration that the Defendant has acted in bad faith and further has demonstrated its intention to commit an act of overreach by depriving the Plaintiff of its lease and property interest in the lease space and equipment (which was all purchased by the Plaintiff).

### COUNT TWO

### MOTION FOR TRO

16). Plaintiff SCA hereby submit this motion for temporary restraining order and preliminary injunction pursuant to Rule 65(b) of the Alabama Rules of Civil Procedure. Through this Motion, Plaintiffs seek an immediate order directing Defendants Marcos and its agents to cease its attempts to take hold of the Plaintiffs lease space and in any way dispossess the Plaintiff of its restaurant equipment.

17.) Plaintiffs require immediate temporary injunctive relief before May 7th 2022. If Defendants are not enjoined before May 7th Plaintiff SAC will face the immediate risk of being dispossessed of its business, lease space, equipment and the lively hood of a number of local employees including but not limited to Mr. Chowdhury himself. As detailed above, if a temporary restraining order and preliminary injunction do not issue, Plaintiffs and the proposed will suffer irreparable injury.

18.) Plaintiffs are likely to prevail on the merits of their claims that Defendants 'has exercised bad faith in their dealings with the Plaintiffs. The

threatened injury to Plaintiffs and the outweighs whatever damage a temporary injunction may cause the Defendants; and the injunction would not be adverse to the public interest.

19.) Plaintiffs makes this Motion concurrently with its Complaint. Plaintiffs' counsel will arrange for service by certified mail as soon as practicable.

20.) In the event that the Court determines a hearing is necessary before ruling on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, Plaintiffs request that the Court schedule an emergency hearing as promptly as possible, and sufficiently in advance of the May 7th, 2022, the date the Defendant expressed that it will take possession. For the foregoing reasons, and as set forth in the accompanying Complaint, this Motion for Temporary Restraining Order and Preliminary Injunction should be granted.

WHEREFORE PREMISE CONSIDERED, the undersigned Counsel for the Plaintiff hereby respectfully request that this Court would immediately grant the requested relief for TRO and set the underline Complaint for Declaratory Judgment as soon as practicable after the Defendants have been served.

Respectfully Submitted,

/s/Edward E. May, II
Attorney for Plaintiffs
420 20th Street North, Ste. 2260
Birmingham, AL 35203
Telephone: (205) 252-29203
Facsimile: (205) 324-0511

_____
Verified by Shameen Chowdhury
as owner, operator, agent personal guarantor of
Plaintiff SC America

## VERIFICATION

STATE OF Alabama )
COUNTY Jefferson )

Before me, Joelnada Bass, a notary public in and for said county in said state, personally appeared Shameen Chowdhury, who being first duly sworn, makes oath that she has read the foregoing petition and knows the contents thereof, and that she is informed and believes, and upon such information and belief, avers that the facts alleged therein are true and correct.

Subscribed and sworn to before me this the 6th day of May, 20 22.

_Joelnada Bass_ Notary Public
My Commission Expires: 1/31/25

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing Motion of appearance via Electronic Mail on this the 6th day of May 2022 upon the following pro se defendants:

Marcos Franchising, LLC
5252 Monroe Street 2nd Floor
Toledo, Ohio 43623
aweis@marcos.com



## MARCO'S PIZZA
## STANDARD LEASE RIDER

This Marco's Pizza Standard Lease Rider (this "Rider") is attached to and made a part of that, certain Lease (the "Lease") by and between **Saks Commercial Properties, LLC** whose address is 5801 Congress Avenue, #219 Boca Raton, FL 33487("Landlord") and **Shameem Chowdhury and SC America LLC** whose address is 2495 US Highway 431 N, Anniston, AL 36206 ("Tenant"), for certain premises located at the Saks Shopping Center in Anniston, AL. In the event of any contradiction or inconsistency between any terms and conditions in this Rider and the terms and conditions of the Lease, the terms and conditions of this Rider shall control. All defined terms not specifically defined in this Rider shall be given the same meaning as the defined terms in the Lease.

1. **ASSIGNMENT PROVISIONS**

Tenant shall have the right to assign the Lease or sublet the Premises, without charge and without Landlord's consent being required, to Marco's Franchising, LLC ("Marco's") or its parent, subsidiaries or affiliates (Marco's, its parents, subsidiaries and affiliates are each referred to herein as a "Marco's Entity" or "Franchisor"). Tenant shall also have the right to assign the Lease or sublet the Premises, without charge and without Landlord's consent being required, to any duly authorized franchisee of Franchisor. In the event of an assignment to a Marco's Entity, the Marco's Entity shall have the right to reassign the Lease, without charge and without Landlord's consent being required, to a duly authorized franchisee of Franchisor and the Marco's Entity shall thereupon be released from any further liability under the Lease. Any options to extend the term of the Lease shall automatically transfer to an assignee in connection with a transfer made pursuant to this Section. Tenant shall agree to attorn to any assignee of Landlord provided such assignee will agree not to disturb Tenant's possession of the Premises.

2. **FRANCHISOR'S NOTICE AND CURE RIGHTS**

Landlord agrees to give Franchisor written notice of any Tenant defaults as a prerequisite to exercising any remedies against Tenant under the Lease. Franchisor shall have Tenant's cure period plus an additional thirty (30) days (but in no event less than forty-five (45) days total) to cure (at Franchisor's option) any such defaults on Tenant's behalf, and to perform any other acts on Tenant's behalf as may be necessary to keep the Lease in full force and effect. In the event Franchisor executes on its security interest in the Lease and Tenant's fixtures and equipment (pursuant to the terms of its franchise agreement with Tenant), such action shall not be deemed a default or an assignment under the Lease; provided, however, Franchisor shall thereafter have the right to assign the Lease on Tenant's behalf, without charge and without Landlord's consent being required, to an authorized franchisee of Franchisor. Notice to Franchisor shall be addressed as follows:

Marco's Franchising, LLC
Attention: Director of Real Estate
5252 Monroe Street, 2nd Floor
Toledo, Ohio 43623

(419) 885-7000

In addition to all cure rights granted to Franchisor herein, in the event of a Tenant default that is not cured by Tenant in the time required under the Lease or in the event Tenant's Franchise Agreement with Franchisor is terminated for any reason, Landlord hereby grants Franchisor the right, without charge and without Landlord's consent being required, to either (a) take an assignment of the Lease on behalf of Franchisor (as defined in Paragraph 1 entitled "Assignment Provisions"); or (b) assign the Lease to any duly authorized franchisee of Franchisor provided that such assignee shall be required to sign Landlord's form of guaranty, if any. Any option to extend the term of the Lease shall automatically transfer to any assignee in connection with a transfer made pursuant to this Section. Any assignment under this Section shall not be deemed to release the Tenant from its obligations to Landlord under the Lease. In order to effectuate the intent of the parties to grant Franchisor the ability to keep the Marco's Pizza Store open and operating in the event of a Tenant default, Landlord hereby expressly agrees to subordinate to Franchisor any landlord's lien, statutory or otherwise.

3. **NO RADIUS/RELOCATION CLAUSES**

Any radius restrictions or relocation provisions found in the Lease are hereby deleted.

4. **USE CLAUSE**

Tenant shall only use the Premises for the purpose of operating a "Marco's Pizza" store that engages in the preparation and sale of pizza and related food and beverage items for dine-in, carryout and delivery, including any incidental merchandising as is customary in a Marco's Pizza Store now or in the future.

Landlord agrees that throughout the term of the Lease, including any renewals and extensions, that Tenant shall have the exclusive right within the Shopping Center sell pizza (the "Exclusive Use"). Therefore, Landlord shall not lease, permit any assignment or sublet of any lease or otherwise permit any tenant to sell pizza **(as its primary use).** If any portion of the Shopping Center, or any additions or extensions thereof. In the event Landlord breaches its covenant not to lease to a pizza store as provided in this Paragraph, then Tenant shall be entitled to an immediate reduction of its Rental to One Dollar ($1.00) per month until such time as this breach is cured if possible or for the remainder of the Lease Term and any renewals if such breach cannot be cured.
**The existing tenants of the shopping center are exempt from this exclusive.**

5. **ALTERATIONS**

Tenant may make nonstructural alterations and improvements to the interior of the Premises as required by Franchisor without Landlord's prior consent, provided the work is performed in a good workmanlike manner. Tenant may close its business once every five (5) years for up to thirty (30) days to refurbish and redecorate the Premises.

6. **SIGNAGE**

Tenant shall have the exclusive right to the exterior of the leased premises and on any Shopping Center monument or pole signs, signage in accordance with Franchisor's operation standards, provided any such signs shall be in compliance with

applicable governmental regulations and ordinances. Tenant shall have the right to erect and display a sign or banner reading "Coming Soon- Marco's Pizza" (or similar words) during the period between the Lease execution date and the date sixty (60) days after Tenant opens for business. Tenant shall be permitted to display signs and promotional items in the windows of the Premises consistent with Franchisor's national standards.

### 7. TENANT FINANCING

Tenant shall have the right from time to time to grant and assign a mortgage or other security interest in all of Tenant's personal property located within the Premises to its lenders in connection with Tenant's financing arrangements, and any lien of Landlord against Tenant's personal property (whether by statute or under the terms of the Lease) shall be subject and subordinate to such security interest. Landlord shall execute such documents as Tenant's lenders may reasonably request in connection with any such financing. The parties acknowledge that there may be certain personal property in the Premises not owned by Tenant, which property shall not be subject to any lien of Landlord. Upon request, Landlord shall grant the party who owns such property reasonable access to the Premises for the sole purpose of removing such property, provided such party repairs any damage caused by such removal and otherwise complies with Landlord's reasonable requirements with respect to such access.

### 8. COMMON AREAS

Landlord shall not change the Common Areas in any manner which would alter the dimensions or location of the Premises, adversely affect the use, operation accessibility or visibility of the Premises, or reduce the current ratio of parking to rentable square feet in the shopping center by more than ten percent (10%). The costs of capital improvements to the Common Areas (defined as any costs which, in accordance with generally accepted accounting principles, are not fully chargeable to current expenses in the year the expenditure is incurred) shall be excluded from the calculation of Tenant's Common Area costs pass through, if any. Tenant's pro rata share of any Common Area Maintenance costs or similar charges shall be based upon the total leasable square footage in the Shopping Center (including out-parcels).

### 9. TENANT'S CONTINGENCIES

This Lease is expressly contingent upon Tenant's receipt of all building and sign permits from local issuing authorities to construct the Premises for Tenant's intended use as a typical Marco's Pizza store. This Lease is expressly contingent on Tenant obtaining all necessary financing necessary to open and operate a Marco's Pizza store.

### 10. MITIGATION/REASONABLENESS.

Landlord shall use reasonable efforts to mitigate its damages in the event of a Tenant default. Wherever either party to the Lease is required or requested to give its consent, such consent shall not be unreasonably withheld.

## 11. RETURN OF EXECUTED LEASE.

Landlord agrees to return a fully executed original Lease and this Rider within ten (10) days of execution to Marco's Franchising, LLC at:

> Marco's Franchising, LLC
> 5252 Monroe Street, 2nd Floor
> Toledo, Ohio 43623
> Attn: Director of Real Estate
> Phone: (419) 885-7000

LANDLORD:

Saks Commercial Properties, LLC

By: _[signature]_
Name: Ro Saxxe
Its: VP

TENANT:

Shameem Chowdhury

By: _[signature]_
Name: SHAMEEM CHOWDHURY
Its: _____

Tenant:

SC America LLC

By: _[signature]_
Name: SHAMEEM CHOWDHURY
Its: _____



**MARCO'S FRANCHISING, LLC**

**Exhibit # 2**

5252 Monroe St. • Toledo, OH 43623
(419) 885-7000 • Fax (419) 885-5215

March 7, 2022

Sent via overnight delivery and email: chowdhury@marcospizza.net

SC America, LLC
Attn: Shameem Chowdhury
210 Greenleaf Street, SW, #J-2
Jacksonville, Alabama 36265

Re: Notice of Termination - Store No. 8082 (the "**Store**")

Dear Mr. Chowdhury,

As you know, the Franchise Agreement dated January 25, 2021 ("**Agreement**") between Marco's Franchising, LLC ("**MFLLC**") and SC America, LLC ("**Franchisee**"), with Shameem Chowdhury as guarantor ("**Guarantor**"), for operation of the Store requires that Franchisee operates the Store in compliance with MFLLC's System, standards and processes ("**System Standards**").

Notwithstanding the foregoing, Franchisee has consistently failed to operate the Store in accordance with MFLLC's System Standards and Manuals.

- On January 4, 2021, MFLLC, pursuant to its rights under the Agreement, performed an operational inspection of the Store. A copy of the January 4, 2021 inspection report was previously provided to Franchisee, and a second courtesy copy is enclosed. The inspection identified numerous operational deficiencies.
- Subsequent to the January 4, 2021 Store inspection, MFLLC also learned various facts indicating that Franchisee was improperly paying employees in cash, altering employee timecards, and falsifying customer satisfaction surveys. Franchisee later admitted to such improper activities.
- MFLLC issued a Notice of Default on January 18, 2022 detailing all of these deficiencies and provided Franchisee an opportunity to cure the defaults by February 17, 2022, a second courtesy copy of which is enclosed.
- On February 17, 2022, MFLLC made a follow-up visit to the Store and performed an operational inspection. A copy of the February 17, 2022 inspection report was previously provided to Franchisee, and a second courtesy copy is enclosed. The inspection revealed that many of the same operational deficiencies from the prior inspection persisted, and additional operational deficiencies were observed. Additionally, Franchisee failed to complete the requirements necessary to remedy the other defaults related to employee pay and recordkeeping. Once again, Franchisee failed to cure all defaults.

The Store's operations and Franchisee's improper conduct with respect to employee payroll and recordkeeping, have consistently failed to meet MFLLC's System Standards, which damages the reputation, goodwill and value of the Marco's Pizza® brand and creates significant risk for MFLLC. While MFLLC has given Franchisee the opportunity to cure its defaults, Franchisee has failed to do so and bring its Store into compliance with Franchisor's System Standards.

As a result, and pursuant to Sections 19.2.6, 19.2.15, 19.2.16, and 19.4, MFLLC hereby terminates the Franchise Agreement effective Wednesday, March 9, 2022 at 5:00 p.m. Eastern Time (the "Termination Date"). On the Termination Date, Franchisee and Guarantor must immediately stop operating and comply with all of the post-termination obligations set forth in the Agreement, including Sections 13.4.2 and 19.6.

© 2018 Marco's Franchising, LLC 12446-818



**MARCO'S FRANCHISING, LLC**

5252 Monroe St. • Toledo, OH 43623
(419) 885-7000 • Fax (419) 885-5215

Please note that if Franchisee wishes to sell its franchised Store, MFLLC is amenable to offering Franchisee a 60-day limited license that will allow Franchisee to resume operations for 60 days while Franchisee attempts to sell its Store, provided: 1) Franchisee immediately correct the operational deficiencies that are presenting a threat to public health and safety; and 2) Franchisee signs MFLLC's limited license agreement which sets forth the requirements thereunder. MFLLC has sent the limited license agreement via DocuSign for your review. The limited license will need to be signed prior to the Termination Date in order for Franchisee to continue operating. If Franchisee elects not to sign the limited license, Franchisee will need to cease operating and immediately comply with the post-termination obligations on the Termination Date.

This Notice of Termination is without waiver of or prejudice to any of MFLLC's rights or remedies under the Agreement, including as to other grounds of non-compliance or default that may be known or unknown to MFLLC at this time. If there are any questions, please contact MFLLC's Corporate Counsel, Ashley Weis, at aweis@marcos.com.

Best regards,

Marco's Franchising, LLC

*[signature]*

Anthony Libardi
President & Co-CEO

Cc:
Ashley Weis
Todd Watson
Danny Singh
Nick Morris
Tim Brown

© 2018 Marco's Franchising, LLC 12446-818

DOCUMENT 2

**Marcos Nick Morris**
5:39 PM, May 1

Exhibit # 3

You'll have until the end of the day on the 7th. <u>11:59pm</u>. After that, Marco's takes possession of the lease (per the lease rider) and the store. Locks will be changed. A buyer will offer you "salvage" value for the equipment. You will not be permitted to operate another business out of that space.

It really is in your best interest to get a sale agreed to before the 7th so you get something for it.

Copy text        Share

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>11-CV-2022-900192.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA**
**SC AMERICA, LLC V. MARCOS FRANCHISING, LLC**

**NOTICE TO:** MARCOS FRANCHISING, LLC, 5252 MONROE STREET 2ND FLOOR, TOLEDO, OH 43623

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), EDWARD EUGENE MAY II,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 1820 7TH AVE. NO. STE. 108, BIRMINGHAM, AL 35203.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of SC AMERICA, LLC pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 05/06/2022 | /s/ KIM MCCARSON | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ EDWARD EUGENE MAY II
*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____ in _____ County,
*(Name of Person Served)* *(Name of County)*

Alabama on _____ .
*(Date)*

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
|  | *(Server's Printed Name)* | *(Phone Number of Server)* |

**11-CV-2022-900192.00**
SC AMERICA, LLC V. MARCOS FRANCHISING, LLC

| C001 - SC AMERICA, LLC | v. | D001 - MARCOS FRANCHISING, LLC |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |



**SERVICE RETURN COPY**



AlaFile E-Notice

11-CV-2022-900192.00
Judge: SHANNON C PAGE

To: MAY EDWARD EUGENE II
Mayoredmayesq@gmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

SC AMERICA, LLC V. MARCOS FRANCHISING, LLC
11-CV-2022-900192.00

The following matter was FILED on 5/6/2022 2:33:06 PM

Notice Date: 5/6/2022 2:33:06 PM

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov

ELECTRONICALLY FILED
5/6/2022 2:33 PM
11-CV-2022-900192.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | |
|---|---|
| SC AMERICA, LLC,<br>Plaintiff, | )<br>)<br>) |
| V. | ) Case No.: CV-2022-900192.00 |
| MARCOS FRANCHISING, LLC,<br>Defendant. | )<br>)<br>) |

## TEMPORARY RESTRAINING ORDER

The Plaintiff having submitted a Motion for Temporary Restraining Order pursuant to Rule 65(b), Alabama Rules of Civil Procedure, and the Court having reviewed and considered the same, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. That the Plaintiff's Motion for Temporary Restraining Order is due to be and is hereby GRANTED, upon the Plaintiff posting bond in the amount of $1,500.00, with the Clerk of Court pursuant to Rule 65(c), ARCP.

2. That the Defendant is hereby temporarily restrained and enjoined from taking hold of, or attempting to take hold of the Plaintiff's leased space and in any way dispossessing the Plaintiff of it's restaurant equipment pending further Orders of the Court.

3. A hearing on this TRO is hereby set for **May 12, 2022, at 9:30 AM**, Courtroom 100, Calhoun County Courthouse, at which time the Court will consider entry of a preliminary injunction pending final disposition in this matter.

A copy of this Order shall be served on the attorneys of record and parties pro se.

**DONE this 6th day of May, 2022.**

/s/ SHANNON PAGE
**CIRCUIT JUDGE**